UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN GUILLORY                                     CIVIL ACTION

VERSUS                                            NO. 12-2169

NEWPARK ENVIRONMENTAL                             SECTION "B"(5)
SERVICES, L.L.C.

## ORDER AND REASONS

Before the Court is Defendant Newpark Environmental Services, L.L.C.'s ("Newpark") Motion for Summary Judgment. (Rec. Doc. No. 12 & 12-1). In response, Plaintiff John Guillory ("Guillory") submitted a Memorandum in Opposition to the Motion for Summary Judgment. (Rec. Doc. No. 27). Newpark also filed a Reply Memorandum in Support of its Motion for Summary Judgment. (Rec. Doc. No. 28). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Newpark's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE TO REURGE.**[1]

## PROCEDURAL AND FACTUAL HISTORY

Guillory was an employee of Original USA General Labor, LLC and USA Environmental Services, Inc. ("USA"), starting in March of 2012. (Rec. Doc. No. 27 at 1). Newpark is an oil and gas environmental company which entered into a service agreement with USA. (Rec. Doc. No. 1-1 at 2, 12-1 at 1). As an employee of USA, Guillory was sent to work as a rigger at Newpark's yard on May 18-

---

[1] We are grateful for the work on this case by Matt S. Landry, a Tulane University Law School extern with our Chambers.

19, 2012. *Id.* at 1-2. On May 19, 2012, Guillory was helping to unload a tank from a truck at Newpark's yard. (Rec. Doc. No. 12-1 at 2). Guillory alleges that as he was attempting to attach straps to the tank so that it could be lifted off of the truck with a crane, the crane operator (a Newpark employee) suddenly, and without warning, swung the crane's cable block at Guillory's head several times. (Rec. Doc. No. 27 at 2). Guillory raised his hands to protect his face and his fingers were caught in the pulley system of the crane. *Id.* This injury resulted in the amputation of three of Guillory's fingers. *Id.* Guillory filed suit in state court on August 9, 2012, seeking damages for physical pain and suffering, mental pain and anguish, medical expenses, and past, present, and future lost earnings. (Rec. Doc. No. 1-1 at 3).

Newpark removed the action from the Civil District Court for the Parish of Orleans to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because the parties are completely diverse and the amount in controversy is greater than $75,000. (Rec. Doc. No. 1).

## LAW and ANALYSIS

### I. Standard of Review

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*,

477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Webb,* 139 F.3d at 536. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**II. Louisiana Law on Statutory Employees**

When this Court sits in diversity, the law of the state in which the controversy arises applies. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 68 (1938). Indeed, "[t]here is no federal general common law." *Id.* Furthermore, both parties concede that Louisiana law is applicable. *See* (Rec. Doc. Nos. 12 & 27-28). Therefore, the Court looks to Louisiana law to resolve the instant issue.

If an employee suffers an injury at work he can only recover through Louisiana's Labor and Worker's Compensation statute, unless

the injury was intentional or the employer is not technically a "statutory employer." La. R.S. § 23:1032. If the employer and employee have a contract which states that the employer is a statutory employer, then there is a rebuttable presumption of a statutory employer relationship which "may be overcome only by showing that <u>the work is not an integral part</u> of or essential to the ability of the principal to generate that individual principal's goods, products, or services."[2] La. Rev. Stat. 23:1061(A)(3) (emphasis added). The plaintiff can rebut this presumption of statutory employment if he makes an evidence-based argument that the job he was performing when he suffered the injury was not an integral part of the principal's operation. *See Prejean v. Maintenance Enterprises, Inc.* 2008-0364 (App. 4th Cir. 3/25/09); 98 So. 3d 766, 776. For example, in *Prejean*, the Louisiana Fourth

---

[2] Courts look to the following factors when analyzing whether a statutory employer relationship exists in regards to La. Rev. Stat. 23:1061(A)(3):
    (1) The nature of the business of the alleged principal;
    (2) Whether the work was specialized;
    (3) Whether the contract work was routine, customary, ordinary or usual;
    (4) Whether the alleged principal customarily used his own employees to perform the work, or whether he contracted out all or most of such work;
    (5) Whether the alleged principal had the equipment and personnel capable of performing the contract work;
    (6) Whether those in similar businesses normally contract out this type of work or whether they have their own employees perform the work;
    (7) Whether the direct employer of the claimant was an independent business enterprise who insured his own workers and included that cost in the contract; and
    (8) Whether the principal was engaged in the contract work at the time of the incident.
*Stephens v. Witco Corp.*, 198 F.3d 539, 541 (5th Cir. 1999). These are all factual questions.

Circuit noted that a factual issue remained where a plaintiff suffered an eye injury working at a refinery, because the employee disputed whether his work was an integral part of the refinery's operation. *Id.* The court explained that

> Mr. Prejean argues that the work he was performing . . . , which consisted of cleanup, repair, and reconstruction of fire-damaged equipment, was not an integral part of or essential to the ability of Murphy [Oil] to produce and distribute petroleum products. . . . [W]hether Mr. Prejean can overcome that presumption constitutes an issue of fact which suffices to preclude summary judgment in this case. See La.Code Civ. Pro. art. 966; *South Central Bell Tel. Co. v. Sewerage & Water Bd. of New Orleans*, 94-1648 (La. App. 4 Cir. 3/16/95), 652 So.2d 1090, 1092-93. Accordingly, the trial court properly denied Murphy Oil's motion for partial summary judgment.

*Id.; but see id.* at 779 (Lombard, J., dissenting)(citing *Applegarth v. Transamerican Ref. Corp.*, 00-1547 (La.App. 5 Cir. 2/28/01); 781 So.2d 804)("Several Louisiana courts have held that reconstruction projects such as the one [in question] were essential to the ability of the refinery to generate its goods, products or services").

Here, both parties agree that the contract between USA and Newpark states that USA employees, like Guillory, would be "statutory employees." (Rec. Doc. Nos. 12-1 at 4, 27 at 5). Therefore, Guillory must rebut the presumption that a statutory employer relationship exists. To do so, Guillory first challenges his role as an "integral" part of Newpark's work. (Rec. Doc.

No. 27 at 4-5). Newpark argues that "rigging" is "part and parcel of its operation," and therefore Guillory performed integral work (Rec. Doc. No. 12-1 at 5-9). To establish that a genuine issue of material fact exists as to whether Newpark employees regularly perform rigging work, Guillory presents his deposition testimony. *See* (Rec. Doc. No. 27 at 5 (citing Rec. Doc. 27-2 at 44:2-46:5, 57:16-19)). In this testimony, Guillory explains that his co-worker, Victor Rodriguez, a signalman, was hired to perform a specialized task. *See* (Rec. Doc. No. 27-2 at 10-11). Guillory uses this testimony to argue that because Guillory and Rodriguez were hired to work together for two days, he was not a mere laborer and was therefore hired to perform a specialized task.(Rec. Doc. No. 27 at 5). Consideration of the weight of this evidence is a task reserved for the factfinder at trial.

Furthermore, because the deadline for discovery is not until September 2013, *see* (Rec. Doc. No. 26 at 2), and further factual development may resolve this issue before trial,

**IT IS ORDERED** that Newpark's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE TO REURGE.**

New Orleans, Louisiana, this 1ST day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE